UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON-SPENCERPORT EXPRESS, INC., et al., <br><br> Defendants. | Case No. 3:23-CV-00631-CCB-MGG |

## OPINION AND ORDER

On December 14, 2023, Plaintiffs Continental Western Insurance Company ("Continental Western") and Acadia Insurance Company ("Acadia") filed its amended complaint for interpleader pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 against EAN Holdings, LLC ("EAN") and other defendants. [DE 87.] On February 9, 2024, Plaintiffs moved for an entry of default against EAN because EAN failed to timely appear, answer, or otherwise plead. [DE 119.] On February 12, 2024, default was entered against EAN. [DE 122.] On March 22, 2024, EAN moved to set aside the entry of default. [DE 139.] For the reasons stated herein, the Court grants EAN's motion.

## BACKGROUND

This interpleader action arises from a multi-vehicle accident that occurred on the Indiana toll road. On June 1, 2022, Defendant Chasen Thompson was driving a Hilton Spencerport Express Inc. ("HSE") owned semi-truck when it crashed into several vehicles, resulting in the death of two individuals, serious bodily injury to others, and property damage. [DE 87 at ¶¶ 28, 31.] Multiple claims have been asserted against Defendants HSE, Thompson, and Thomas Cole, the president and shareholder of HSE, each of whom is an insured under Plaintiffs Continental Western's and Acadia's insurance policies. [DE 87 at ¶¶ 29-32.] EAN, who owned a vehicle that was damaged in the accident,

submitted a subrogation claim to Plaintiffs for that damage. [DE 139 at 2.] Plaintiffs filed their amended complaint for interpleader, alleging that their insurance policies are insufficient to settle or resolve the existing claims, and named EAN, among others, as a defendant to this case. [DE 87.] EAN failed to timely answer or otherwise defend after it was served the amended complaint, and the Clerk entered default against it on February 12, 2024. [DE 122.] No default judgment has been entered against EAN. On March 22, 2024, EAN moved to set aside the Clerk's entry of default. [DE 139.] Plaintiffs did not respond to EAN's motion.

## STANDARD

The Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. Of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). The standard for setting aside an entry of default is more lenient than it is for setting aside a default judgment, favoring trial on the merits over default judgment. *Id.*

## DISCUSSION

Good cause "does not necessarily require a good excuse for the defendant's lapse." *JMB Mfg. v. Child Craft, LLC*, 799 F.3d 780, 792 (7th Cir. 2015) (citation omitted). "There is good cause if inadvertence or an honest misunderstanding caused the default." *Protective Life Ins. Co. v. Foster*, No. 3:21-CV-815-RLM-MGG, 2022 WL 16700194, at *1 (N.D. Ind. Nov. 3, 2022) (citation omitted).

EAN represents that it was served the amended complaint on or about December 27, 2023, and that the amended complaint was received by EAN's senior liability administrator, Monica Colon. [DE 139 at 2.] On December 28, 2023, Ms. Colon emailed the amended complaint for interpleader to John O'Donnell and Gregg Gremillion of EAN's Damage Recovery Unit, stating:

> We were recently made aware that EAN is named as a defendant in a pending legal matter…[t]here does not appear to be any liability allegation against EAN in which

2

>we would defend however it may be in…the groups [sic] best interest to retain counsel to ensure that any of their recovery rights are acknowledged and preserved?

[DE 139 at 2-3; DE 139-1 at 2.]

On January 4, 2024, Ms. Colon sent another email to Mr. O'Donnell and Mr. Gremillion to confirm receipt of the amended complaint and asked whether they "are handling[.]" [DE 139 at 3; DE 139-1 at 1.] Ms. Colon emailed Mr. O'Donnell and Mr. Gremillion again on January 9, 2024, stating "[t]here is nothing we need to do here in the liability department however please confirm receipt of same and if you need anything from us." [DE 139 at 3.] After default was entered against EAN on February 12, 2024, Ms. Colon emailed Mr. O'Donnell and Mr. Gremillion on February 21, 2024, stating "EAN is in DEFAULT and action needs to be taking [sic] immediately on this matter. Last month I sent multiple emails without any response…[p]lease address this matter as soon as possible." [DE 139-2 at 1] (emphasis in original). That same day, Mr. O'Donnell emailed other employees of the Damage Recovery Unit team the following:

>This is an interesting one. Essentially the at fault party has some funds via the policy to cover damages, etc…However, with so many claimants involved they have filed a motion with the court to help settle. It looks like money may be available but we need to work through the courts, I know this is not very common but how do you handle? It appears if we want to attempt to collect our damages we need an attorney to help us. Thoughts?

[DE 139 at 3; DE 139-2 at 1.]

EAN asserts that good cause exists because Mr. Donnell, as evident by his email inquiring how to handle the case, lacked understanding of the nature of an interpleader and that service of the amended complaint required EAN to timely respond. [DE 139 at 4.] Further, because EAN had already submitted a subrogation claim, EAN asserts that Mr. Donnell did not believe any further action was needed. [DE 139 at 4.] The Court finds that good cause exists because EAN did not appear to willfully ignore the pending litigation but rather failed to timely respond to the amended

3

complaint due to inadvertence and an honest misunderstanding of the nature of an interpleader action. *See Cracco*, 559 F.3d at 631.

EAN must next show that it acted promptly to set aside the entry of default. Whether EAN acted quickly is "measured by the time between entry of default and the motion to vacate." *Foster*, 2022 WL 16700194, at *2. While there "is no set time limit for whether action is prompt" the "courts generally find this prong satisfied when the defendant files the motion to vacate within a few days or a few weeks." *Id.* Courts also consider whether the other parties were prejudiced by the delay. *Id.* (finding defendant took quick enough action when she moved to vacate order five weeks after entry of default and there was a lack of prejudice to other parties).

After receiving the notice of default, EAN represents that it retained counsel who allegedly initially contacted Plaintiffs' attorney to discuss whether Plaintiffs would agree to set aside the default, but did not hear back before EAN's motion to set aside the entry of default was filed. [DE 139 at 5.] On March 22, 2024, almost six weeks after the clerk entered default, EAN's counsel entered her appearance and EAN's motion to vacate the entry of default was filed. [DE 138; DE 139.] Plaintiffs did not respond to EAN's motion. The Court finds that EAN acted sufficiently quickly to move to set aside the entry of default, and that Plaintiffs have not shown they would be prejudiced by the delay.

Finally, EAN must establish that it has a meritorious defense to the amended complaint. To show that a defendant has a "meritorious defense," it means "more than bare legal conclusions," but "less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (citations omitted). Further, "[l]osing a claim to an interpleader stake is a meritorious defense." *Foster*, 2022 WL 16700194, at *3 (finding that a defendant losing interest in policy proceeds presented a meritorious defense). EAN alleges that its 2021 Ford Transit Cargo Van was damaged as a result of the accident, and that EAN submitted a claim in the total amount of

4

$31,672.79 to Plaintiff Acadia on July 21, 2022. [DE 139 at 5; DE 139-3.] Since EAN could lose its interest in the Plaintiffs' insurance policy proceeds, the Court finds that EAN has shown it has a meritorious defense.

Accordingly, because EAN has shown that there is good cause, it took quick action to remedy the default, and that it has a meritorious defense, EAN has met the requirements for the Court to vacate the entry of default against it.

## CONCLUSION

The Court hereby **GRANTS** EAN's motion to set aside entry of default. [DE 139]. The Court **DIRECTS** the Clerk to vacate the entry of default against EAN Holdings, LLC [DE 122], and **ORDERS** EAN to file an answer and any counterclaims or crossclaims to the amended complaint [DE 87] within 21 days.

SO ORDERED.

October 16, 2024

                                                  /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT