UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON-SPENCERPORT EXPRESS, INC., et al., <br><br> Defendants. | Case No. 3:23-CV-00631-CCB-MGG |

## OPINION AND ORDER

On January 5, 2024, Defendant and Cross-Claimant Sarah Klein, Administrator of the Estate of Eric Klein ("Klein"), filed her First Amended Cross-Claim against Cross-Defendants DM Trans, LLC d/b/a Arrive Logistics ("Arrive"), Hilton-Spencerport Express, Inc. ("HSE"), Chasen Thompson, and Graphic Packaging International, LLC ("GPI"). [DE 103]. Pending before the Court is Arrive's motion to dismiss Klein's cross-claims against it. [DE 136]. For the reasons stated herein, the Court grants Arrive's motion.

### BACKGROUND

On June 1, 2022, Thompson was allegedly driving an HSE-owned tractor trailer under the influence of drugs and/or alcohol when he struck the vehicles in front of him, killing Mr. Eric Klein. [DE 103 at ¶¶ 12-13, 17]. Klein alleges that Arrive provided third-party logistical services and support for Thompson's tractor trailer and load, and that Thompson was "acting as an agent for HSE, Arrive, and GPI pursuant to their mutual agreement(s), and for their mutual benefit, at the time of his alleged wrongful conduct." [*Id.* at ¶¶ 14, 23]. Klein alleges that Arrive is vicariously liable for Thompson's conduct, and sued Arrive for negligence, wrongful death, and negligent hiring, training, supervision, and retention of Thompson.

Arrive argues that it is a broker that arranged the transportation of the shipment of cargo that HSE and Thompson were hauling, therefore Klein's claims against it are preempted and barred by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c). [DE 137 at 1-2]. In support, Arrive attached to its motion to dismiss three documents: (1) a "Company Snapshot" from the Federal Motor Carrier Safety Administration ("FMCSA") website as of March 14, 2024 describing Arrive as a "BROKER" under "Entity Type" (the "Company Snapshot") [DE 137-1]; (2) a Broker Carrier Agreement dated March 1, 2021 between Arrive, as "a transportation broker authorized by the Federal Motor Carrier Safety Administration," and HSE as a "motor carrier authorized by the FMCSA" (the "Agreement") [DE 137-2]; and (3) an Arrive Rate Order No. 2998649 between Arrive and HSE for a scheduled pick-up on June 1, 2022 and scheduled delivery June 2, 2022, that identifies Arrive as a "[b]roker," (the "Arrive Rate Order") [DE 137-3]. Arrive also argues that Klein fails to state a claim against it.

## STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted is proper when plaintiffs fail to satisfy Fed. R. Civ. P. 8(a)(2), which requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must accept all the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of … plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). Finally, "[i]t is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

2

## DISCUSSION

### A. Documents Appended to Arrive's Motion to Dismiss

As a preliminary matter, Klein argues that the Court should not consider the Agreement attached to Arrive's motion to dismiss when ruling on Arrive's motion.[1] In general, documents provided by the defendant in their motion to dismiss to establish a complaint's insufficiency are not considered when ruling on the motion; however, they can be considered if "they are referred to in the plaintiff's complaint and are central to [her] claim." *Wright v. Associated Ins. Co.,* 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.,* 987 F.2d 429, 431 (7th Cir. 1993)). The Court may consider such documents even if the documents are not explicitly referenced in the complaint. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002)

Klein argues that the Agreement should not be considered because it is not referenced in her complaint and is outside the pleadings. While Klein does not refer explicitly to the Agreement or the Arrive Rate Order in her First Amended Cross-Claim, she repeatedly references agreements between Arrive, HSE, and Thompson that are central to her claims. She alleges that HSE, Arrive, and GPI "had entered into and were working pursuant to an agreement for the mutual benefit of HSE, Arrive, and GPI," that "[u]nder the terms of this agreement, Thompson was driving a tractor trailer owned and operated by HSE, carrying GPI freight, with Arrive providing third party logistical support," and that Thompson was acting as an agent for Arrive "pursuant to their mutual agreement(s), for their mutual benefit, at the time of his wrongful conduct[.] " [DE 103 at ¶¶ 8, 23]. She alleges that Arrive had "a duty to use reasonable care in hiring, training, supervising, and retaining tractor trailer drivers to haul freight arranged under their mutual agreement(s)." [*Id.* at ¶ 40]. The Court therefore finds that it may consider the Agreement and the Arrive Rate Order in

---

[1] Klein does not address in her response in opposition to Arrive's motion to dismiss whether the Court may properly consider the Arrive Rate Order or the Company Snapshot in ruling on Arrive's motion to dismiss.

ruling on Arrive's motion to dismiss because the Agreement and Arrive Rate Order are referred to in her First Amended Cross-Claim, and are central to Klein's claims against Arrive. The Court may also take judicial notice of the Company Snapshot without converting Arrive's motion to one for summary judgment because the Company Snapshot is public record information obtained from an official government website. *See Ambrosetti v. Oregon Cath. Press,* 458 F. Supp. 3d 1013, 1017 n. 1 (N.D. Ind. 2020).

### B. Broker under the FAAAA

Arrive argues that it is a broker entitled to a preemption defense afforded under the FAAAA, which provides that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of any…broker…with respect to the transportation of property." 49 U.S.C. § 14501(c). A "broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). A "motor carrier," in turn, is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).

Klein does not allege that Arrive is a broker. Rather, Klein only alleges that Arrive provided "third party logistical support" at the time of the accident, and that GPI hired "HSE, Thompson, and/or Arrive to ship its goods on Thompson's tractor trailer." [DE 103 at ¶¶ 8, 15]. To support its argument that Arrive is a broker, Arrive relies on the Agreement, the Company Snapshot, and the Arrive Rate Order. However, the Court finds that none of the documents conclusively establish that Arrive was acting as a broker as it is statutorily defined at the time of the June 1, 2022 accident.

The Agreement is dated March 1, 2021, and states that the "term of this Agreement is one year, with automatic renewals at the end of the initial and each subsequent term unless previously

terminated." [DE 137-2 at 1]. The Agreement, by its terms, expired on March 1, 2022 if it was terminated prior to renewal. Since the Court cannot determine whether the Agreement was in effect at the time of the alleged June 1, 2022 conduct, the Court cannot rely on its provisions as part of its analysis. Thus, the Court finds that the Agreement does not sufficiently demonstrate that Arrive was acting as a broker as statutorily defined.

Further, the Company Snapshot that merely describes Arrive as a "BROKER" under "Entity Type," *see* DE 137-1 at 1, and the Arrive Rate Order that also only identifies Arrive as a "broker," *see* DE 137-3 at 1, fail to sufficiently demonstrate that Arrive was acting as a broker as defined under the statute. Whether Arrive was acting as a "broker" rather than a "motor carrier" in relation to HSE and Thompson is a fact-intensive inquiry. *See Custom Cartage, Inc. v. Motorola, Inc.*, No. 98 C 5182, 1999 WL 965686, at *11 (N.D. Ill. Oct. 15, 1999) (whether party labels itself as a carrier or broker and what it is registered as is not controlling); *see also Nipponkoa Ins. Co. v. C.H. Robinson Worldwide, Inc.*, No. 09 CIV. 2365 PGG, 2011 WL 671747, at *5 (S.D.N.Y. Feb. 18, 2011) (noting the difference between a carrier and a broken is "often blurry" and "not well suited to summary judgment"). Neither document provides any detail as to Arrive's role in relation to HSE and Thompson at the time of the June 1, 2022 accident. Accordingly, the Court declines to find that Arrive is a broker as defined under 49 U.S.C. § 13102(2) at the motion-to-dismiss stage. Thus, the Court need not address whether Klein's claims would otherwise be preempted and barred by the FAAAA.

### C. Alleged Vicarious Liability under an Agency Theory

Arrive also argues that Klein fails to state a claim against it. Klein asserts claims of negligence, wrongful death, and negligent hiring, training, supervision, and retention of Thompson against Arrive arising from an alleged principal-agent relationship. Klein alleges that HSE, Arrive, and GIP "were agents of one another," that "Thompson was acting as an agent for HSE, Arrive, and GPI pursuant to their mutual agreement(s)," and under the terms of their agreement, "Thompson was driving a

5

tractor trailer owned and operated by HSE, carrying GIP freight, with Arrive providing third party logistical support." [DE 103 at ¶¶ 8, 23]. Klein alleges that Arrive is "vicariously liable for the conduct of Thompson." [*Id.* at ¶ 8]. Klein does not allege that any party was acting as an independent contractor of another, or that Thompson was an employee of Arrive.[2] To the contrary, Klein alleges that HSE is liable under a respondeat superior theory because HSE employed Thompson, Thompson was driving an HSE tractor trailer, and Thompson was acting within "the course and scope of his employment with HSE" at the time of the incident. [DE 103 at ¶¶ 12-13, 18, 22].

A principal may be vicariously liable for the conduct of its agents. *See Bauermeister v. Churchman*, 59 N.E.3d 969, 974 (Ind. Ct. App. 2016). Under Indiana law,[3] "[t]here are three requirements for an agency relationship to exist: (1) a manifestation of the principal's consent; (2) the agent's acceptance of authority; and (3) control exerted by the principal over the agent." *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 522 (Ind. 2021). Whether an agency relationship exists is ultimately a question of fact. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 588 (7th Cir. 2021). However, Klein must allege a factual basis that gives rise to an inference of an agency relationship. *See Cunningham v. Foresters Fin. Services, Inc.*, 300 F. Supp. 3d 1004, 1015 (N.D. Ind. 2018).

Klein alleges vaguely that Thompson was acting as an agent for Arrive pursuant to their "mutual agreement(s)." [DE 103 at ¶ 23]. "But "[w]hile an agency relationship can be created by contract, not all contractual relationships form an agency.*" Warciak v. Subway Restaurants, Inc.,* 949 F.3d 354, 357 (7th Cir. 2020) (upholding grant of motion to dismiss where only conduct alleged in support of agency relationship was that defendant engaged in a contractual relationship). The only other facts Klein alleges as to the relationship of Arrive and Thompson is that Arrive provided "third-party

---

[2] Arrive relies on the Agreement and its provisions in support of its argument that Klein fails to allege vicarious liability. As the Court stated herein, since the Court cannot determine whether the Agreement was in effect at the time of the alleged conduct, the Court does not rely on the Agreement's provisions in evaluating whether Klein plausibly alleges a claim against Arrive.
[3] Arrive argues that Klein fails to state a claim under Indiana law. Klein does not dispute that Indiana law applies. Accordingly, the Court applies Indiana law in evaluating whether Klein plausibly alleges a principal-agent relationship.

logistical services and support relative to Thompson's tractor trailer and load." [DE 103 at ¶ 14]. Allegations that Arrive provided third-party logistical services and support is insufficient to support an inference that Arrive had the requisite control over Thompson, or that Thompson was acting on Arrive's behalf. Klein thus fails to allege any factual basis to support a reasonable inference of a principal-agent relationship between Arrive and Thompson.

Accordingly, taking Klein's allegations as true and all reasonable inferences in her favor, the Court finds that Klein fails to state a claim of negligence, wrongful death, and negligent hiring, training, supervision, and retention against Arrive arising under an agency theory of liability.

## CONCLUSION

The Court hereby **GRANTS** DM Trans, LLC's motion to dismiss. [DE 136]. Klein's cross-claims against DM Trans, LLC d/b/a Arrive Logistics are **DISMISSED**.

SO ORDERED.

November 13, 2024

        /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT