UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON-SPENCERPORT EXPRESS, INC., et al., <br><br> Defendants. | Case No. 3:23-CV-631-CCB-SJF |

## OPINION AND ORDER

On May 24, 2024, Defendants and Cross-Claimants Donna Tirva, individually and as Administrator of the Estate of Jacqueline Luczak, Delilah Tirva, and Lena Tirva (collectively, the "Tirvas"), filed their Cross-Claim against Cross-Defendants Hilton Spencerport Express, Inc. ("Hilton"), Chasen Thompson, DM Trans, LLC d/b/a Arrive Logistics ("Arrive"), and Graphic Packaging International, LLC ("Graphic") (ECF 151). Pending before the Court is Arrive's motion to dismiss (ECF 160) and Graphic's motion to dismiss (ECF 166). Graphic and Arrive raise similar arguments in their motions, therefore the Court will address both motions in the Opinion and Order.

### FACTUAL BACKGROUND

On June 1, 2022, Thompson, a Hilton employee, was allegedly driving a trailer while under the influence of drugs and/or alcohol when he struck the vehicles in front of him, killing Jacqueline Luczak and injuring Donna Tirva, Lena Tirva, and Delilah Tirva. (ECF 151 at ¶¶ 15-16, 20-21). The Tirvas allege that Thompson was "driving a

tractor trailer owned and operated by Hilton, carrying Graphic Freight, with Arrive providing third-party logistical support," and that Thompson was acting as an agent for Hilton, Arrive, and Graphic "pursuant to their mutual agreement(s), and for their mutual benefit, at the time of his wrongful conduct." (ECF 151 at ¶¶ 10, 26). The Tirvas allege that Arrive and Graphic are vicariously liable for Thompson's conduct, and sued Arrive and Graphic for negligence (Count I), negligent hiring, training, supervision, and retention of Thompson (Count II), and the wrongful death of Luczak (Count III).

Arrive and Graphic move to dismiss all cross-claims against them, and argue that the Tirvas's cross-claims are preempted and barred by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c) because Arrive is a broker and Graphic is a shipper. Arrive and Graphic also argue that the Tirvas fail to state a claim against them.

## STANDARD

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action,"

and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

## DISCUSSION

### A.   FAAAA Preemption

Arrive and Graphic argue that they are entitled to a preemption defense afforded under the FAAAA because they are a broker and shipper, respectively. The FAAAA provides that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of any…broker …with respect to the transportation of property." 49 U.S.C. § 14501(c).  A "broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). A "motor carrier," on the other hand, is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).

The Tirvas do not allege that Arrive is a broker, or that Graphic is a shipper. The Tirvas allege that Arrive provided "third party logistical support" at the time of the accident. The Tirvas allege that Graphic hired "Hilton, Thompson, and/or Arrive to

3

ship its goods on Thompson's tractor trailer." (ECF 151 at ¶¶ 10, 18). Both Arrive and Graphic rely on the same three documents attached to their motions to dismiss in support of their argument that the FAAAA preempts the Tirvas's cross-claims: (1) a "Company Snapshot" from the Federal Motor Carrier Safety Administration ("FMCSA") website describing Arrive as a "BROKER" under "Entity Type" as of March 14, 2024 ("Company Snapshot") (ECF 161-1; ECF 167-1); (2) a Broker Carrier Agreement dated March 1, 2021 between Arrive as a "transportation broker authorized by the Federal Motor Carrier Safety Administration," and Hilton as a "motor carrier authorized by the FMCSA" (the "Agreement") (ECF 161-2; ECF 167-2); and (3) an Arrive Order No. 2998649 between Arrive and Hilton for a scheduled pickup at Graphic on June 1, 2022 and delivery on June 2, 2022, that identifies Arrive as a "broker" (the "Arrive Rate Order) (ECF 161-3; ECF-167-3).

The Tirvas do not dispute in their response in opposition to the motions to dismiss whether the Court may properly consider the Agreement, Arrive Rate Order, or the Company Snapshot. As a preliminary matter, the Court finds that it may consider all three documents in ruling on Arrive's and Graphic's motions to dismiss. In general, documents provided by a defendant in its motion to dismiss to establish a complaint's insufficiency are not considered when ruling on the motion; however, they can be considered if "they are referred to in the plaintiff's complaint and are central to [her] claim." *Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)). The Court may consider such documents even if the documents are not explicitly referenced in the complaint.

4

See *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002). While the Tirvas does not refer explicitly to the Agreement or the Arrive Rate Order in their Cross-Claim, they repeatedly reference an agreement between Arrive, Graphic, Hilton, and Thompson that is central to their claims. They allege that HSE, Arrive, and Graphic "had entered into and were working pursuant to an agreement for the mutual benefit of Hilton, Arrive, and Graphic," that "[u]nder the terms of this agreement, Thompson was driving a tractor trailer owned and operated by Hilton, carrying Graphic freight, with Arrive providing third party logistical support," and that Thompson was acting as an agent for Arrive "pursuant to their mutual agreement(s), for their mutual benefit, at the time of his wrongful conduct[.]" (ECF 151 at ¶¶ 10, 26). The Court therefore finds that it may consider the Agreement and the Arrive Rate Order in ruling on Arrive's and Graphic's motions to dismiss because the Agreement and Arrive Rate Order are referred to in the Tirvas's cross-claims, and are central to the Tirvas's cross-claims against Arrive and Graphic. The Court may also take judicial notice of the Company Snapshot without converting the motions to one for summary judgment because the Company Snapshot is public record information obtained from an official government website. See *Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1017 n. 1 (N.D. Ind. 2020).

As to Arrive, whether Arrive was acting as a "broker" rather than a "motor carrier" in relation to Hilton and Thompson is a fact-intensive inquiry. *See Custom Cartage, Inc. v. Motorola, Inc.*, No. 98 C 5182, 1999 WL 965686, at *11 (N.D. Ill. Oct. 15, 1999) (whether party labels itself as a carrier or broker and what it is registered as is not

5

controlling); *see also Nipponkoa Ins. Co. v. C.H. Robinson Worldwide, Inc.*, No. 09 CIV. 2365 PGG, 2011 WL 671747, at *5 (S.D.N.Y. Feb. 18, 2011) (noting the difference between a carrier and a broker is "often blurry" and "not well suited to summary judgment").

Even considering the three documents appended to Arrive's motion, none of the documents conclusively establish that Arrive was acting as a broker as it is statutorily defined at the time of the June 1, 2022 accident. The Agreement is dated March 1, 2021, and states that the "term of this Agreement is one year, with automatic renewals at the end of the initial and each subsequent term unless previously terminated." (ECF 161-2 at 1). The Agreement, by its terms, expired on March 1, 2022 if it was terminated prior to renewal. Since the Court cannot determine whether the Agreement was in effect at the time of the alleged June 1, 2022 conduct, the Court cannot rely on its provisions as part of its analysis. Thus, the Court finds that the Agreement does not sufficiently demonstrate that Arrive was acting as a broker as statutorily defined.

Further, the Company Snapshot that merely describes Arrive as a "BROKER" under "Entity Type," *see* ECF 161-1 at 1, and the Arrive Rate Order that also only identifies Arrive as a "broker," *see* ECF 137-3 at 1, fail to sufficiently demonstrate that Arrive was acting as a broker as defined under the statute. Neither document provides any detail as to Arrive's role in relation to Hilton and Thompson at the time of the June 1, 2022 accident. Accordingly, the Court declines to find that Arrive is a broker as defined under 49 U.S.C. § 13102(2) at the motion-to-dismiss stage. Thus, the Court need not address whether Tirvas's claims against Arrive would otherwise be preempted and barred by the FAAAA.

As to Graphic, there are no allegations that Graphic is a "shipper." Graphic argues, without citing any authority, that "federal law defines a shipper as the entity whose goods are being moved." (ECF 167 at 10). The Tirvas allege that "Graphic hired Hilton, Thompson, and/or Arrive to ship its goods on Thompson's tractor trailer." (ECF 151 at ¶ 18). However, under the FAAAA, the term "individual shipper" is more than, as Graphic asserts, an "entity whose goods are being moved." It means any person who "(A) is the shipper, consignor, or consignee of a household goods shipment; (B) is identified as the shipper, consignor, or consignee on the fact of the bill; (C) owns the goods being transported; and (D) pays his or her own tariff transportation charges." 49 U.S.C. § 13102(13). In other words, a "shipper," like a "broker" and "motor carrier," is a fact-intensive inquiry. None of the documents appended to its motion to dismiss identify Graphic as a shipper or demonstrate it is a shipper as defined under the FAAAA. Because the Tirvas do not allege that Graphic is a shipper, and the Court cannot determine whether Graphic is a shipper at the motion-to-dismiss stage, the Court need not address whether Tirvas's claims against Graphic would otherwise be preempted and barred by the FAAAA.

### B.     Alleged Vicarious Liability under an Agency Theory

Arrive and Graphic also argue that the Tirvas fail to state a claim against them.[1] The Tirvas assert claims of negligence, wrongful death, and negligent hiring, training,

---

[1] Arrive and Graphic rely on the Agreement and its provisions in support of their argument that the Tirvas fail to allege vicarious liability. As the Court stated herein, since the Court cannot determine whether the Agreement was in effect at the time of the alleged conduct, the Court does not rely on the Agreement's provisions in evaluating whether the Tirvas plausibly allege a claim against Arrive or Graphic.

7

supervision, and retention of Thompson against Arrive and Graphic arising from an alleged principal-agent relationship. The Tirvas allege that Hilton, Arrive, and Graphic "were agents of one another" and that "Thompson was acting as an agent for Hiton, Arrive, and Graphic pursuant to their mutual agreement(s)[.]" (ECF 151 at ¶¶ 10, 26). The Tirvas also allege that Hilton, Arrive, and Graphic, "entered into and were working pursuant to an agreement for the mutual benefit of Hilton, Arrive and Graphic," and that "[u]nder the terms of agreement [sic], Thompson was driving a tractor trailer owned and operated by Hilton, carrying Graphic freight, with Arrive providing third party logistical support." (*Id.* at ¶ 10). The Tirvas do not allege in their Cross-Claim that any party was acting as an independent contractor of another, or that Thompson was an employee of Arrive or Graphic. Rather, the Tirvas allege that Thompson "was an employee of Hilton acting in the course and scope of his employment" and that only Hilton is liable under a respondeat superior theory. (*Id.* at ¶¶ 7, 25).

A principal may be vicariously liable for the conduct of its agents. *See Bauermeister v. Churchman*, 59 N.E.3d 969, 974 (Ind. Ct. App. 2016). Under Indiana law,[2] "[t]here are three requirements for an agency relationship to exist: (1) a manifestation of the principal's consent; (2) the agent's acceptance of authority; and (3) control exerted by the principal over the agent." *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 522 (Ind. 2021). Whether an agency relationship exists is ultimately a question of fact. *Bilek v. Fed.*

---

[2] Arrive and Graphic argue that the Tirvas fail to state a claim under Indiana law. The Tirvas do not dispute that Indiana law applies. Accordingly, the Court applies Indiana law in evaluating whether the Tirvas plausibly allege a principal-agent relationship.

8

*Ins. Co.*, 8 F.4th 581, 588 (7th Cir. 2021). But the Tirvas must nonetheless allege a factual basis that gives rise to an inference of an agency relationship. *See Aspen Am. Ins. Co. v. Blackbaud, Inc.*, 624 F. Supp. 3d 982, 1003 (N.D. Ind. 2022); *Cunningham v. Foresters Fin. Services, Inc.*, 300 F. Supp. 3d 1004, 1015 (N.D. Ind. 2018).

The Tirvas allege vaguely that Thompson was acting as an agent for Arrive and Graphic pursuant to their "mutual agreement(s)." (ECF 151 at ¶ 26). "But "[w]hile an agency relationship can be created by contract, not all contractual relationships form an agency." *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) (upholding grant of motion to dismiss where only conduct alleged in support of agency relationship was that defendant engaged in a contractual relationship).

The only other factual allegation as to the relationship of Arrive and Thompson is that Arrive provided "third-party logistical services and support relative to Thompson's tractor trailer and load," which is insufficient to support an inference that Arrive had the requisite control over Thompson, or that Thompson was acting on Arrive's behalf. The Tirvas thus fail to allege any factual basis of a principal-agent relationship between Arrive and Thompson.

As to Graphic, the only other factual allegations as to the relationship of Graphic and Thompson is that Thompson drove a Hilton-tractor carrying Graphic's freight (ECF ¶ 10), which is also insufficient to support an inference that Graphic had the requisite control over Thompson, or that Thompson was acting on Graphic's behalf.

Accordingly, even taking the Tirvas's allegations as true and all reasonable inferences in their favor, the Court finds that the Tirvas fail to state a claim of

negligence, wrongful death, and negligent hiring, training, supervision, and retention against Arrive and Graphic arising under an agency theory of liability.

## CONCLUSION

The Court hereby **GRANTS** DM Trans, LLC's motion to dismiss (ECF 160) and Graphic Packaging International, LLC's motion to dismiss (ECF 166). The Tirvas's cross-claims against Arrive and Graphic are **DISMISSED**.

SO ORDERED on February 19, 2025.

      /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT