UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON-SPENCERPORT EXPRESS, INC., et al., <br><br> Defendants. | Case No. 3:23-CV-631-CCB |

## OPINION AND ORDER

Before the Court is Hilton Spencerport Express ("HSE") and Chasen Thompson's amended motion for disbursement of interpleaded funds pursuant to settlements. (ECF 202). In their motion, HSE and Mr. Thompson ask the Court to order the disbursement of the funds deposited with the Clerk by Continental Western Insurance Company ("Continental") and Acadia Insurance Company ("Acadia") pursuant to the settlement agreement reached by the parties in mediation. (ECF 190). The Court declines to do so for the reasons below.[1]

### I.   RELEVANT BACKGROUND

This case stems from a multi-vehicle accident on Interstate 80 to the west of South Bend, Indiana. On June 1, 2022, an HSE truck driven by Mr. Thompson crashed into the back of several vehicles, resulting in property damage, bodily injury, and death.

---

[1] HSE and Mr. Thompson's motion was joined by Sarah Klein, administrator of the Klein Estate (ECF 204); Dolores Kallas (ECF 205); and Bryan Dufour (ECF 206).

This led to multiple civil suits against Mr. Thompson and HSE. Continental and Acadia both insured HSE at the time of the accident. Each policy was limited to $1,000,000. On July 3, 2023, Continental and Acadia filed a complaint for interpleader, seeking to deposit $2,000,000 with the Court and be discharged from the action. The Court granted their motion in part, ordering Continental and Acadia to deposit $2,000,000 with the Clerk of the Court.

After the funds were deposited, some of the parties entered mediation to resolve the claims within the limit of the $2,000,000 of interpleaded funds. At the time of mediation, settlement demands exceeded the $2,000,000 limit by over $20,000,000. During mediation, the parties reached four conditional settlement agreements that together would dispose of the entirety of the funds. By the terms of the proposed settlement, the Klein Estate and Norcold would receive $1,582,000, Brian Dufour would receive $200,000, Delores Kallas would receive $210,000, and Selective Insurance would receive $8,000. EAN Holdings ("EAN"), a party to the interpleader action, objected to the conditional settlement, arguing that it was prejudiced because it was not invited to the mediation. The Tirva Claimants, participants in the mediation, initially objected to the settlements but have since withdrawn their objection.

## II. ANALYSIS

An interpleader action is a suit in equity. *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984). It permits a party "exposed to multiple claims on a single obligation or property to settle the controversy and satisfy his obligation in one proceeding." *Com. Union Ins. v. United States*, 999 F.2d 581, 583

2

(D.C. Cir. 1993). Rather than litigating multiple claims, the party may "put the money . . . in dispute into court . . . and leave the claimants to litigate between themselves the ownership of the fund." *Com. Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487–88 (7th Cir. 1994) (quoting *Com. Union*, 999 F.2d at 583) (internal quotation omitted). This prevents a "haphazard looting of a fund by the first comers . . . and conforms to the principal, 'Equity is equality.'" *Com. Union*, 999 F.2d at 589 (citation omitted).

There are usually two stages to interpleader. First, the Court must consider whether "interpleader is warranted." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Here, the Court has determined that it is. (*See* ECF 156). Second, it must resolve the merits of the claims upon the interpleaded funds. *See Mahl*, 550 F.3d at 663. This second phase of interpleader proceeds like any other action. *See* 7 Wright & Miller's *Federal Practice and Procedure* § 1714 (3d ed. 1998). Claimants bear the burden of establishing their right to the fund and may seek adjudication by motion for summary judgment or proceed to trial. *See id.* If a claimant fails to appear or otherwise defend, a default judgment may be entered against them. *See Phoenix Ins. v. Small*, 307 F.R.D. 426 (E.D. Pa. 2015). Otherwise, the action proceeds to adjudication on the merits.

Mediation in this case has produced conditional settlements that would dispose of the claims of the Klein Estate, Norcold, Kallas, Dufouor, and Selective. This would leave only EAN and the Tirva Claimants unaccounted for. As the Tirva Claimants have withdrawn their objection, the only party objecting to the proposed settlement is EAN. HSE and Mr. Thompson ("Movants") ask the Court to order disbursement of the interpleaded funds in accordance with the proposed settlement, which makes no

provision for EAN. In support, they argue that it is appropriate that the interpleaded funds be used to extinguish as many claims as possible. To bolster this argument, they cite a Fifth Circuit case finding that since "[i]nsured defendants will want their policy funds to blot out as large a share of the potential claim against them as possible," in cases where "the insurances proceeds are . . . slight compared with the totality of claims" it is better for the insured if "the leverage of his insurance money [is] applied to at least some of the claims," thereby "reducing his ultimate judgment debt." *Liberty Mut. Ins. v. Davis*, 412 F.2d 475, 481 (5th Cir. 1969). Though Movants acknowledge that EAN's objection to the settlement still stands, they argue that EAN may recover against Movants in a separate action.

It does not appear that EAN has been a particularly active participant in this litigation. It did not answer the complaint or the amended complaint, and on February 12, 2024, default was entered against it. (ECF 122). But on March 22, 2024, EAN moved to vacate that entry of default. (ECF 139). Finding good cause, the Court granted that motion on October 16, 2024, and directed EAN to respond to the amended complaint. (ECF 183). EAN did so on November 5, 2024. (ECF 185). On May 14, 2025, a mediation session occurred without EAN and contingent settlements were reached with several parties. (ECF 190). As EAN was no longer in default, this violated the Court's scheduling order. (ECF 79 at 5 ("Each party or an agent with full authority to settle shall be in attendance at any mediation session unless otherwise excused by order of this court.")). On May 28, 2025, EAN objected to the settlements, arguing prejudice due to its lack of inclusion in the mediation. (ECF 191).

There is no indication in the record that any further mediations have included EAN. Instead, after EAN filed its objection to the settlements, Movants filed a notice of intent telling the Court that they planned to move to disburse funds and that any objection to the proposed disbursement should be made in response to that motion. (ECF 193). They then filed this motion asking the Court to disburse the entirety of the interpleaded funds based on the settlements and over EAN's objection. (ECF 202). This motion was later joined by Sarah Klein, administrator of the Klein Estate (ECF 204); Dolores Kallas (ECF 205); and Bryan Dufour (ECF 206). EAN has not responded.

As the court in *Commercial Union* noted, interpleader is an equitable action, and "[e]quity is equality." *See* 999 F.2d at 589. The proposed settlement would benefit Movants by extinguishing four of the claims against them, including the significant claim of the Klein Estate. And it would leave out only the Tirva Claimants, who have withdrawn their objection, and EAN. But the nature of interpleader requires that the Court consider the interests of all parties when deciding how to equitably disburse the interpleaded funds, not just the interests of Movants. *See Mahl*, 550 F.3d at 663. Movants argue that EAN is not deprived of recovery because "[t]o the extent that it had any cause of action against the Movants, [it] is free to pursue it." (ECF 202 at 10). They maintain that "there is nothing unfair about the fact that none of the interpleaded funds are earmarked for EAN." (*Id.* at 11). But EAN is a party to this interpleader. It has not consented to the settlement, and neither Movants nor any other parties have sought judgment against EAN's claims on the merits. The Court will not order the

disbursement of the funds based on settlements negotiated at a mediation that did not include one of the interested parties. On that basis, this motion is **DENIED**.

The Court encourages the parties to return to mediation, this time including EAN. The parties are **ORDERED** to file a report updating the Court on the status of their mediation no later than March 2, 2026. Any summary judgment motions in this action must be filed no later than March 31, 2026.

### III.   CONCLUSION

For these reasons, the Court **DENIES** HSE and Mr. Thompson's Amended Motion for Order for Disbursement of Interpleaded Funds Pursuant to Settlements (ECF 202). HSE and Mr. Thompson's Motion for Order for Disbursement of Interpleaded Funds (ECF 194), Motion for Order of Disbursement of Interpleaded Funds Pursuant to Settlements (Dkt. 194) be filed under seal and allowing Cross-Defendants to File a Corrected Version Instanter (ECF 195), and Corrected Motion for Order for Disbursement of Interpleaded Funds Pursuant to Settlements (ECF 196) are **DENIED** as moot. The parties are **ORDERED** to file a joint status report updating the Court on the progress of their mediation no later than March 2, 2026. The deadline for summary judgment motions in this action is set for March 31, 2026.

SO ORDERED on January 30, 2026.

                                                         /s/*Cristal C. Brisco*
                                                         CRISTAL C. BRISCO, JUDGE
                                                         UNITED STATES DISTRICT COURT